B1 (Official Form 1) (12/11)

| UNITED STATES BANKRUPTCY COURT<br>Northern District of Illinois | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Maksutoski, Ivair | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Maksutoski, Sharon |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>NONE | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>NONE |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>8411 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>9710 |
| Street Address of Debtor (No. and Street, City, and State):<br>22509 S. Remington Drive<br>Channahon, IL<br>ZIP CODE 60410 | Street Address of Joint Debtor (No. and Street, City, and State):<br>22509 S. Remington Drive<br>Channahon, IL<br>ZIP CODE 60410 |
| County of Residence or of the Principal Place of Business:<br>Will | County of Residence or of the Principal Place of Business:<br>Will |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7        ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13      ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."      ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (12/11)                                                                                          Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Ivair & Sharon Maksutoski |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X  /s/Anthony J. Peraica      12 ~ 24 ~ 12<br>Signature of Attorney for Debtor(s)      (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11)                                                                                           Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | Ivair & Sharon Maksutoski |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Ivair Maksutoski_
Signature of Debtor

X _Sharon Maksutoski_
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

Date _12-22-12_

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X _/s/Anthony J. Peraica_
Signature of Attorney for Debtor(s)
Anthony J. Peraica
Printed Name of Attorney for Debtor(s)
Anthony J. Peraica & Associates, Ltd.
Firm Name

5130 S. Archer Avenue
Chicago, IL  60632
Address
773-735-1700
Telephone Number

Date _12-24-12_

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In re Ivair & Sharon Maksutoski
      Debtor

Case No._____
      (if known)

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

    ☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

    ❒ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

> ❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
> ❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
> ❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _Ubai P Moussaoui_

Date: _12 – 22 – 12_

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Northern   District of   Illinois

In re Ivair & Sharon Maksutoski
_____
Debtor

Case No._____
(if known)

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

_Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed._

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. _Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency._

❒ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. _You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed._

B 1D (Official Form 1, Exh. D) (12/09) – Cont.                                                Page 2

❒ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days.  Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❒ 4. I am not required to receive a credit counseling briefing because of:  *[Check the applicable statement.]  [Must be accompanied by a motion for determination by the court.]*

    ❒ Incapacity.  (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
    ❒ Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
    ❒ Active military duty in a military combat zone.

❒ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: *Sharon Makentahe*

Date: 12-22-12

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

__Northern__ District Of __Illinois__

In re _____Ivair & Sharon Maksutoski__,   Case No. _____
Debtor

Chapter ____7____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $530,000.00 | | |
| B - Personal Property | Yes | 4 | $20,826.61 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $528,900.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | $2,653.93 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | $123,829.74 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 4 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $2,817.48 |
| J - Current Expenditures of Individual Debtors(s) | Yes | 1 | | | $25,443.39 |
| TOTAL | | 23 | $550,826.61 | $655,383.67 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court

_____Northern____ District Of _Illinois_____

In re _____Ivair & Sharon Maksutoski_____,          Case No. _____
                    Debtor

                                                      Chapter _____7_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $2,653.93 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 2,653.93 |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $2,817.48 |
| Average Expenses (from Schedule J, Line 18) | $25,443.39 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $4,123.48 |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $0.00 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $2,653.93 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4.  Total from Schedule F | | $123,829.74 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $123,829.74 |

B6A (Official Form 6A) (12/07)

In re _____Ivair & Sharon Maksutoski_____,            Case No. _____
             **Debtor**                                                (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Commercial property (restaurant) located at 23819 W Eames St Channahon, IL 60410 | Owners | J | $500,000.00 | $516,000.00 |
| Skylark Trailer Home located at 22509 S. Remington, Channahon, IL  60410 | Owners | J | $30,000.00 | $0.00 |
| | | Total▶ | $530,000.00 | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re _____ Ivair & Sharon Maksutoski _____ ,       Case No. _____
Debtor                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash | | $20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Business ck acct with Citizens First Nat'l Bank, ending 0973 ($2,627.61;  Personal ck acct with Private Bank ending 4761 (OVERDRAWN BY $284.86) | | $2,627.61 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household goods, furnishings, electronics and appliances | | $1,210.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Personal clothing | | $100.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Husband's life ins. policy with BannerLife (wife as beneficiary)  No value unless husband dies | | $0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s).  11 U.S.C. § 521(c).) | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re Ivair & Sharon Maksutoski                          ,          Case No. _____
_____
**Debtor**                                                                  **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Stock for debtors' companies, Ivo's Express and Ivo's Grill & Creamery, no value | | $0.00 |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |

**B6B (Official Form 6B) (12/07) -- Cont.**

In re _____Ivair & Sharon Maksutoski_____,          Case No. _____
                              **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | SEE ATTACHMENT SHEET A | | $15,369.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | 15 tables w/chairs, various dish, glass & silver ware, old stove, old refrigerator, old dishwasher | | $1,500.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | | | | |

____1____ continuation sheets attached     Total▶ | $20,826.61

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

## CHAPTER 7 BANKRUPTCY OF IVAIR & SHARON MAKSUTOSKI
## SCHEDULE B - ATTACHMENT SHEET A
## #25 – AUTOMOBILES, TRUCKS, TRAILERS AND
## OTHER VEHICLES AND ACCESSORIES

| TYPE OF VEHICLE | MILEAGE | MARKET VALUE |
|---|---|---|
| 2006 Hyundai Santa Fe, Limited 3.5L fair condition (value per Kelley Blue Book) owned jointly | 145,000 | $5,705.00 |
| 2007 Honda Odyssey LX Minivan fair condition (value per Kelly Blue Book) owned by Ivair Maksutoski | 91,000 | $8,474.00 |
| **TOTAL VALUE:** | | **$15,369.00** |

B6C (Official Form 6C) (04/10)

In re _____ Ivair & Sharon Maksutoski _____,          Case No. _____
                      **Debtor**                                               **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)          $146,450.*
☑ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Cash | 735 ILCS 5/12-1001(b) | $20.00 | $20.00 |
| Bank accounts as listed on Schedule B | 735 ILCS 5/12-1001(b) | $2,627.61 | $2,627.61 |
| 2002 Skylark mobile home located at 22509 S. Remington Dr., Channahon, IL  60410 | 735 ILCS 5/12-901 | $30,000.00 | $30,000.00 |
| 2006 Hyundai Santa Fe Limited 3.5 SUV, 145K miles, fair condition, owned jointly | 735 ILCS 5/12-1001(c) 735 ILCS 5/12-1001(b) | $4,800.00 $905.00 | $5,705.00 |
| Personal clothing | 735 ILCS 5/12-1001(a) | $100.00 | $100.00 |
| Household goods, furnishings, appliances and electronics | 735 ILCS 5/12-1001(b) | $1,210.00 | $1,210.00 |
| Tables, chairs, dishes, plates, silverware, old stove, old refrigerator & old dishwasher | 735 ILCS 5/12-1001(d) | $1,500.00 | $1,500.00 |
| shares of stock (1000) in lvo's Express, Inc. & (1000) Grill & Creamery, Inc. | 735 ILCS 5/12-1001(b) | $0.00 | $0.00 |

*   *Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6D (Official Form 6D) (12/07)

In re _____Ivair & Sharon Maksutoski_____,      Case No. _____
                        **Debtor**                                          **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 65010029538561<br><br>Bank of America, NA<br>PO Box 2759<br>Jacksonville, FL  32203-2759 | N | H | Auto loan for 2007 Honda Odyssey , 91,000 miles, fair condition<br><br><br>VALUE $8,474.00 | | | | $11,000.00 | $0.00 |
| ACCOUNT NO. 201-824396<br><br>Great American Finance<br>20 N. Wacker Dr., Suite 2275<br>Chicago, IL  60606 | N | H | Installment loan for furniture<br><br><br>VALUE $1,500.00 | | | | $1,900.00 | $0.00 |
| ACCOUNT NO. CDC-S 745885-40-07 SPR<br><br>Illinois Small Business Growth Corp.<br>2401 West White Oaks Dr.<br>Suite A<br>Springfield, IL  62704 | N | J | 2004 commercial real estate loan (restaurant) located at 23819 W. Eames, Channahon, IL 60410<br>VALUE $500,000.00 | | | | $258,000.00 | $0.00 |

___1___ continuation sheets
        attached

Subtotal ▶
(Total of this page)      $ 270,900.00      $ 0.00

Total ▶
(Use only on last page)     $                  $

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**B6D (Official Form 6D) (12/07) – Cont.**                                                                   2

In re _____Ivair & Sharon Maksutoski_____,     Case No. _____
                    **Debtor**                                              **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 140-07860-0330744-0001  California Bank & Trust PO Box 549 Lawndale, CA  90260-0549 | N | J | 2004 commercial real estate loan (restaurant) located at 23819 W. Eames, Channahon, IL  60410  VALUE $500,000.00 | | | | $258,000.00 | $0.00 |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |

Sheet no _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s) ▶
(Total(s) of this page)  $ 258,000.00    $ 0.00

Total(s) ▶
(Use only on last page)  $ 528,900.00    $ 0.00

(Report also on Summary of Schedules.)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/10)

In re ___Ivair & Sharon Maksutoski___,                    Case No._____
            Debtor                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."      If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**B6E (Official Form 6E) (04/10) – Cont.**

In re _____ Ivair & Sharon Maksutoski _____ ,     Case No._____
                        **Debtor**                                          **(if known)**

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_1_ continuation sheets attached

B6E (Official Form 6E) (04/10) – Cont.

In re _____Ivair & Sharon Maksutoski_____,   Case No. _____
  **Debtor**                                              **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. CNXXXX74122819 <br><br> Illinois Dept. of Revenue <br> PO BOx 19006 <br> Springfield, IL 62794-9006 | N | Joint | August and September 2012 State Sales Tax & E911 Surcharge for Ivo's Grill & Creamery | | | | | $2,515.30 | $0.00 |
| Account No. 4640088-4 <br><br> I.D.E.S. <br> Chicago Region - Revenue <br> 22 S. State St., 10th Floor <br> Chicago, IL 60603-2802 | N | Joint | Penalty Underpayment Quarters ending 3-31-12 and 6-30-12 | | | | | $138.63 | $138.63 |
| Account No. <br><br><br> | | | | | | | | | |
| Account No. <br><br><br> | | | | | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals▶ <br> (Totals of this page) | $ 2,653.93 | $ 2,653.93 | |
| Total▶ <br> (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ 2,653.93 | | |
| Totals▶ <br> (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 2,653.93 | $ 0.00 |

B6F (Official Form 6F) (12/07)

In re _____ Ivair & Sharon Maksutoski _____,    Case No. _____
      **Debtor**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   50962646 <br><br> US Foods <br> 1829 Solution Center <br> Chicago, IL  60677-1008 | Y | J | 2012 perishable goods for business | | | | $2,510.75 |
| ACCOUNT NO.   I99198-F95770 <br><br> Morris Hospital <br> c/o Creditor's Discount & Audit Co. <br> 415 E. Main St., PO Box 213 <br> Streator, IL  61364-0213 | N | W | 2012 medical bill, in collection | | | | $2,748.54 |
| ACCOUNT NO.   IVO200 <br><br> Christ Panos Foods Corp. <br> 817 West 21st St. <br> Chicago, IL  60608 | Y | J | 2012 perishable goods for business | | | | $907.53 |
| ACCOUNT NO.   8547115499 <br><br> T-Mobile <br> c/o Midland Credit Management, Inc. <br> PO Box 60578 <br> Los Angeles, CA  90060-0578 | N | W | 2012 cell phone bill | | | | $364.30 |

Subtotal▶  $ 6,531.12

___5___ continuation sheets attached

Total▶  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re _____Ivair & Sharon Maksutoski_____,          Case No. _____
                    **Debtor**                                                    **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   9606267019<br><br>ComEd<br>PO Box 6111<br>Carol Stream, IL  60197-6111 | Y | J | Electric bill for closed business | | | | $387.02 |
| ACCOUNT NO.   0661<br><br>Sam's Club/GECRB<br>PO Box 530942<br>Atlanta, GA  30353-0942 | N | W | Revolving debt | | | | $384.87 |
| ACCOUNT NO.   1676<br><br>Discover Card Services<br>PO Box 6103<br>Carol Stream, IL  60197-6103 | N | J | Revolving debt | | | | $15,382.18 |
| ACCOUNT NO.   5043<br><br>Comcast Cable<br>PO Box 3002<br>Southeastern, PA  19398-3002 | Y | J | Cable TV for closed business | | | | $133.90 |
| ACCOUNT NO.   9203<br><br>NICOR<br>PO Box 5407<br>Carol Stream, IL  60197-5407 | Y | J | Gas bill for closed business | | | | $1,643.57 |

Sheet no. _1_ of _5_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $ 17,931.54

Total► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re _____Ivair & Sharon Maksutoski_____,  Case No. _____
                    **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  EIG 1361340 01<br><br>Employers Preferred Insurance Co.<br>PO Box 53089<br>Phoenix, AZ 85072-3089 | Y | J | 2012 insurance bill for closed business | | | | $537.75 |
| ACCOUNT NO.  561-224-382<br><br>Society Insurance<br>PO Box 1237<br>Fond Du Lac, WI 54936-1237 | Y | J | 2012 insurance bill for closed business | | | | $3,318.14 |
| ACCOUNT NO.  29031<br><br>HomePages<br>American Marketing & Publishing, LLC<br>PO Box 982<br>DeKalb, IL  60115 | Y | J | 2012 advertising bill for closed business | | | | $549.70 |
| ACCOUNT NO.  1420<br><br>Smith, Koelling, Dykstra & Ohm, PC<br>1605 N. Convent<br>Bourbonnais, IL  60914 | Y | J | 2012 accounting bill for business | | | | $257.58 |
| ACCOUNT NO.  1422<br><br>Smith, Koelling, Dykstra & Ohm, PC<br>1605 N. Convent<br>Bourbonnais, IL  60914 | Y | J | 2012 accounting bill for closed business | | | | $2,566.88 |

Sheet no. _2_ of _5_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $ 7,230.05

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re ___Ivair & Sharon Maksutoski___,                    Case No. _____
              **Debtor**                                              **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.     7922<br><br>Chase Cardmember Service<br>PO Box 15153<br>Wilmington, DE  19886-5153 | N | W | Revolving debt | | | | $6,098.14 |
| ACCOUNT NO.     8924<br><br>Wells Fargo Financial Network Bank<br>PO Box 660431<br>Dallas, TX  75266-0431 | N | H | Revolving debt | | | | $7,873.45 |
| ACCOUNT NO.     0772506-901<br><br>Financial Pacific Leasing<br>3455 S. 344th Way, #300<br>Federal Way, WA  98001-9546 | Y | J | 2012 accelerated payment for leased restaurant equipment | | | | $50,223.29 |
| ACCOUNT NO.     326284<br><br>Pawnee Leasing Corp.<br>700 Centre Avenue<br>Fort Collins, CO  80526 | Y | J | 2012 back rent for leased restaurant equipment | | | | $4,800.00 |
| ACCOUNT NO.   73-25220B-CU<br><br>25210 W. Reed LLC<br>One Trans Am Plaza Drive<br>Suite 120<br>Oakbrook Terrace, IL  60181 | N | H | 2012 back rent for closed restaurant | | | | $6,000.00 |

Sheet no. _3_ of _5_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $ 74,994.88

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re _____Ivair & Sharon Maksutoski_____,        Case No. _____
                    **Debtor**                                          **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 326284<br><br>Pawnee Leasing Corp.<br>700 Centre Avenue<br>Fort Collins, CO 80526 | Y | J | 2012 charge for no proof of insurance on leased restaurant equipment, plus finance charges | | | | $385.30 |
| ACCOUNT NO. 0871<br><br>HSBC Retail Services/Best Buy<br>PO Box 71106<br>Charlotte, NC 28272-1106 | N | J | Revolving debt | | | | $1,959.73 |
| ACCOUNT NO. 32868366<br><br>TimePayment Corporation<br>PO Box 3069<br>Woburn, MA 01888-1969 | Y | H | 2012 back rent for leased restaurant equipment | | | | $3,720.00 |
| ACCOUNT NO.<br><br>Rewards Network<br>2 N. Riverside Plaza<br>Suite 950<br>Chicago, IL 60606 | Y | J | Loan | | | | $8,000.00 |
| ACCOUNT NO.<br><br>Rewards Network<br>2 N. Riverside Plaza<br>Suite 950<br>Chicago, IL 60606 | Y | J | Loan | | | | $1,800.00 |

Sheet no. _4_ of _5_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $ 15,865.03

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re _____Ivair & Sharon Maksutoski_____,     Case No. _____
      **Debtor**                                               **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 18434<br><br>Joe & Ross Ice Cream<br>5350 West 38th Street<br>Cicero, IL 60804 | Y | J | Bill for ice cream for closed restaurant | | | | $847.75 |
| ACCOUNT NO.<br><br>Pepsi Beverages Company<br>1400 West 35th Street<br>Chicago, IL 60609 | Y | J | Bill for soft drinks for closed restaurant | | | | $429.37 |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |

Sheet no. 5 of 5 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ 1,277.12

Total▶ $ 123,829.74
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re _____Ivair & Sharon Maksutoski_____ ,          Case No._____
                                    **Debtor**                                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Financial Pacific Leasing, LLC<br>3455 S. 344th Way, #300<br>Federal Way, WA  98001-9546 | Lease for restaurant equipment |
| Pawnee Leasing Corporation<br>700 Centre Avenue<br>Fort Collins, CO  80526 | Lease for restaurant equipment |
| 25210 W. Reed Street, LLC<br>One Trans Am Plaza Drive<br>Suite 120<br>Oak Brook Terrace, IL  60181 | Lease for restaurant space, nonresidential real property |
| Remington Woods<br>Manufactured Home Community<br>22600 S. Remington Drive<br>Channahon, IL  60410 | Lease for trailer park lot |
| TimePayment Corporation<br>16 N.E. Executive Park, #200<br>Burlington, MA  01803 | Lease for restaurant equipment |
| John Doe<br>23819 W. Eames<br>Channahon, IL  60410-0748 | Lease for residential property (apartment above restaurant) |

B6H (Official Form 6H) (12/07)

In re _____Ivair & Sharon Maksutoski_____ ,                    Case No. _____
                **Debtor**                                                                    **(if known)**

# SCHEDULE H - CODEBTORS

        Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐    Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Ivo's Express, Inc.<br>PO Box 745<br>Channahon, IL  60410-0745 | US Foods<br>1829 Solution Center<br>Chicago, IL  60677-1008 |
| Ivo's Grill & Creamery<br>25220 Reed St.<br>Channahon, IL  60410 | Christ Panos Foods Corp.<br>817 West 21st St.<br>Chicago, IL  60608 |
| Ivo's Grill & Creamery<br>PO Box 375<br>25220 Reed St.<br>Channahon, IL  60410-0375 | ComEd<br>PO Box 6111<br>Carol Stream, IL  60197-6111 |
| Ivo's Grill & Creamery<br>PO Box 375<br>Channahon, IL  60410-0375 | Comcast Cable<br>PO Box 3002<br>Southeastern, PA  19398-3002 |
| Ivo's Grill & Creamery<br>PO Box 375<br>Channahon, IL  60410-0375 | NICOR Gas<br>PO Box 5407<br>Carol Stream, IL  60197-5407 |

B6H (Official Form 6H) (12/07)

In re _____Ivair & Sharon Maksutoski_____ ,          Case No. _____
          **Debtor**                                                                      **(if known)**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Ivo's Grill & Creamery<br>PO Box 375<br>Channahon, IL  60410-0375 | Employers Preferred Insurance Co.<br>PO Box 53089<br>Phoenix, AZ  85072-3089 |
| Ivo's Grill & Creamery<br>PO Box 375<br>Channahon, IL  60410-0375 | Society Insurance<br>PO Box 1237<br>Fond Du Lac, WI  54936-1237 |
| Ivo's Grill & Creamery<br>PO Box 748<br>Channahon, IL  60410 | HomePages<br>American Marketing & Publishing, LLC<br>PO Box 982<br>DeKalb, IL  60115 |
| Ivo's Express<br>PO Box 748<br>Channahon, IL  60410 | Smith, Koelling, Dykstra & Ohm, PC<br>1605 N. Convent<br>Bourbonnais, IL  60914 |
| Ivo's Grill & Creamery<br>PO Box 375<br>Channahon, IL  60410-0375 | Smith, Koelling, Dykstra & Ohm, PC<br>1605 N. Convent<br>Bourbonnais, IL  60914 |

**B6H (Official Form 6H) (12/07)**

In re _____Ivair & Sharon Maksutoski_____ ,          Case No. _____
                **Debtor**                                                    **(if known)**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Ivo's Grill & Creamery<br>25220 Reed Street<br>Channahon, IL  60410 | Financial Pacific Leasing, LLC<br>3455 S. 344th Way, #300<br>Federal Way, WA  98001-9546 |
| Ivo's Grill & Creamery<br>25220 Reed Street<br>Channahon, IL  60410 | 25210 W. Reed Street LLC<br>One Trans Am Plaza Drive<br>Suite 120<br>Oak Brook Terrace, IL  60181 |
| Ivo's Grill & Creamery<br>PO Box 375<br>Channahon, IL  60410 | Pawnee Leasing Corporation<br>700 Centre Avenue<br>Fort Collins, CO  80526 |
| Ivo's Grill & Creamery<br>PO Box 375<br>Channahon, IL  60410 | TimePayment Corporation<br>16 N.E. Executive Park, #200<br>Burlington, MA  01803 |
| Ivo's Grill & Creamery<br>PO Box 375<br>Channahon, IL  60410 | Joe & Ross Ice Cream<br>5350 West 38th Street<br>Cicero, IL  60804 |

**B6H (Official Form 6H) (12/07)**

In re _____Ivair & Sharon Maksutoski_____ ,     Case No. _____
            **Debtor**             **(if known)**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Ivo's Grill & Creamery<br>PO Box 375<br>25220 Reed St.<br>Channahon, IL 60410 | Pepsi Beverages Company<br>1400 West 35th Street<br>Chicago, IL 60609 |

B6I (Official Form 6I) (12/07)

In re _____Ivair & Sharon Maksutoski_____ ,        Case No. _____
        **Debtor**                                                                    **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): One son, one niece | AGE(S): Both 19 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Restaurant owner / employee | Restaurant owner / employee |
| Name of Employer | Ivo's Express Bar & Grill | Ivo's Express Bar & Grill |
| How long employed | 14 years | 14 years |
| Address of Employer | 23819 W. Eames, PO Box 748 Channahon, IL 60410 | 23819 W. Eames, PO Box 748 Channahon, IL 60410 |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| | $2,000.00 | $2,000.00 |
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ 0.00 |
| 2. Estimate monthly overtime | | |
| 3. SUBTOTAL | $2,000.00 | $2,000.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll taxes and social security | $ 653.00 | $ 653.00 |
|   b. Insurance | $ 0.00 | $ 0.00 |
|   c. Union dues | $ 0.00 | $ 0.00 |
|   d. Other (Specify): _____ | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 653.00 | $ 653.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 1,347.00 | $ 1,347.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 123.49 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): _____ | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): _____ | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 123.48 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ 1,470.48 | $ 1,347.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 2,817.48 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

| All checkbooks | | | IVO'S EXPRESS INC. | | | 1420 |
| 05/01/12-11/24/12 | | | **Payroll Journal** | | | Page 2 |
| | | | | | | 11/26/12 |

| Pay Description | Hours | Amount | Withholdings | Amount | Deduction Desc. | Amount |
|---|---|---|---|---|---|---|
| **MA01 - IVAIR M. MAKSUTOSKI** | | **Check #8431** | **07/27/12** | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00 FICA-Med: 14.50 FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |
| **MA01 - IVAIR M. MAKSUTOSKI** | | **Check #8436** | **08/10/12** | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00 FICA-Med: 14.50 FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |
| **MA01 - IVAIR M. MAKSUTOSKI** | | **Check #8440** | **08/24/12** | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00 FICA-Med: 14.50 FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |
| **MA01 - IVAIR M. MAKSUTOSKI** | | **Check #8444** | **09/07/12** | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00 FICA-Med: 14.50 FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |
| **MA01 - IVAIR M. MAKSUTOSKI** | | **Check #8448** | **09/21/12** | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00 FICA-Med: 14.50 FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |
| **MA01 - IVAIR M. MAKSUTOSKI** | | **Check #8452** | **10/05/12** | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00 FICA-Med: 14.50 FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |

All checkbooks | **IVO'S EXPRESS INC.** | 1420
05/01/12-11/24/12 | **Payroll Journal** | Page 3
| | 11/26/12

| Pay Description | Hours | Amount | Withholdings | Amount | Deduction Desc. | Amount |
|---|---|---|---|---|---|---|
| **MA01 - IVAIR M. MAKSUTOSKI** | | | **Check #8457  10/19/12** | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00 FICA-Med: 14.50 FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |
| **MA01 - IVAIR M. MAKSUTOSKI** | | | **Check #8461  11/02/12** | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00 FICA-Med: 14.50 FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |
| **MA01 - IVAIR M. MAKSUTOSKI** | | | **Check #8466  11/16/12** | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00 FICA-Med: 14.50 FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |

| All checkbooks | | **IVO'S EXPRESS INC.** | | | 1420 |
| 05/01/12-11/24/12 | | **Payroll Journal** | | | Page 2 |
| | | | | | 11/26/12 |

| Pay Description | Hours | Amount | Withholdings | Amount | Deduction Desc. | Amount |
|---|---|---|---|---|---|---|
| **MA02 - SHARON MAKSUTOSKI   Check #8432   07/27/12** | | | | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00  FICA-Med: 14.50  FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |
| **MA02 - SHARON MAKSUTOSKI   Check #8437   08/10/12** | | | | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00  FICA-Med: 14.50  FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |
| **MA02 - SHARON MAKSUTOSKI   Check #8441   08/24/12** | | | | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00  FICA-Med: 14.50  FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |
| **MA02 - SHARON MAKSUTOSKI   Check #8445   09/07/12** | | | | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00  FICA-Med: 14.50  FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |
| **MA02 - SHARON MAKSUTOSKI   Check #8449   09/21/12** | | | | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00  FICA-Med: 14.50  FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |
| **MA02 - SHARON MAKSUTOSKI   Check #8453   10/05/12** | | | | | | |
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00  FICA-Med: 14.50  FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |

| All checkbooks | IVO'S EXPRESS INC. | 1420 |
|---|---|---|
| 05/01/12-11/24/12 | **Payroll Journal** | Page 3 |
| | | 11/26/12 |

| Pay Description | Hours | Amount | Withholdings | Amount | Deduction Desc. | Amount |
|---|---|---|---|---|---|---|

**MA02 - SHARON MAKSUTOSKI   Check #8458   10/19/12**

| Pay Description | Hours | Amount | Withholdings | Amount | Deduction Desc. | Amount |
|---|---|---|---|---|---|---|
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00  FICA-Med: 14.50  FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |

**MA02 - SHARON MAKSUTOSKI   Check #8462   11/02/12**

| Pay Description | Hours | Amount | Withholdings | Amount | Deduction Desc. | Amount |
|---|---|---|---|---|---|---|
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00  FICA-Med: 14.50  FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |

**MA02 - SHARON MAKSUTOSKI   Check #8467   11/16/12**

| Pay Description | Hours | Amount | Withholdings | Amount | Deduction Desc. | Amount |
|---|---|---|---|---|---|---|
| Salaried Wages | 0.0000 | 1,000.00 | FICA-SS | 42.00 | TIPS | 0.00 |
| W-2 Tips | 0.0000 | 0.00 | FICA-Med | 14.50 | | |
| Vacation | 0.0000 | 0.00 | Federal W/H | 220.00 | | |
| Sick | 0.0000 | 0.00 | State W/H | 50.00 | | |
| TOTALS | 0.0000 | 1,000.00 | | 326.50 | | 0.00 |
| Number of Periods: 1 | | | | | NET PAY: | 673.50 |
| Company Expenses: | | FICA-SS: 62.00  FICA-Med: 14.50  FUTA: 0.00 | | | | |
| | | IL SUTA: 0.00 | | | | |

**IVAIR & SHARON MAKSUTOSKI BK**

**BREAKDOWN OF BUSINESS EARNINGS**

**IVO'S EXPRESS, INC.**

| BUSINESS MONTH | GROSS PROFIT | TOTAL OPERATING EXPENSES | NET INCOME |
|---|---|---|---|
| May 1-31, 2012 | $11,848.23 | $14,315.46 | ($2,467.23) |
| June 1-30, 2012 | $14,764.62 | $17,361.75 | ($2,597.13) |
| July 1-31, 2012 | $18,084.39 | $16,393.44 | $1,690.95 |
| August 1-31, 2012 | $21,726.80 | $17,426.02 | $4,300.87 |
| September 1-30, 2012 | $19,537.68 | $17,619.26 | $1,918.42 |
| October 1-31, 2012 | $20,352.72 | $17,771.02 | $2,581.70 |
| November 1-30, 2012 | $15,036.67 | $19,599.78 | ($4,563.11) |
| **TOTAL:** | **$121,351.11** | **$120,486.73** | **$864.47** |
| **TOTAL / 7.0 MONTHS:** | **$17,335.87** | **$17,212.39** | **$123.48** |

B6J (Official Form 6J) (12/07)

In re _____ Ivair & Sharon Maksutoski _____ ,          Case No. _____
                        **Debtor**                                          (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $366.00 |
| a. Are real estate taxes included?       Yes _____   No ✓ | | |
| b. Is property insurance included?       Yes _____   No ✓ | | |
| 2. Utilities:  a. Electricity and heating fuel | | $250.00 |
| b. Water and sewer | | $75.00 |
| c. Telephone | | $200.00 |
| d. Other  internet service and cable TV | | $65.00 |
| 3. Home maintenance (repairs and upkeep) | | $0.00 |
| 4. Food | | $400.00 |
| 5. Clothing | | $150.00 |
| 6. Laundry and dry cleaning | | $0.00 |
| 7. Medical and dental expenses | | $100.00 |
| 8. Transportation (not including car payments) | | $360.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $0.00 |
| 10. Charitable contributions | | $0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | | $35.00 |
| b. Life | | $240.00 |
| c. Health | | $0.00 |
| d. Auto | | $200.00 |
| e. Other _____ | | $0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | | $0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | | $250.00 |
| b. Other       Installment loan for restaurant furniture | | $140.00 |
| c. Other    **Mortgage payments for commercial real estate** | | $5,200.00 |
| 14. Alimony, maintenance, and support paid to others | | $0.00 |
| 15. Payments for support of additional dependents not living at your home | | $0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $17,212.39 |
| 17. Other       grooming, household supplies, car maintenance, misc. expenses | | $200.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)               | $25,443.39 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
| a. Average monthly income from Line 15 of Schedule I | $2,817.48 |
| b. Average monthly expenses from Line 18 above | $25,443.39 |
| c. Monthly net income (a. minus b.) | $0.00 |

# IVAIR & SHARON MAKSUTOSKI BK
# BREAKDOWN OF BUSINESS EARNINGS
# IVO'S EXPRESS, INC.

| BUSINESS MONTH | GROSS PROFIT | TOTAL OPERATING EXPENSES | NET INCOME |
|---|---|---|---|
| May 1-31, 2012 | $11,848.23 | $14,315.46 | ($2,467.23) |
| June 1-30, 2012 | $14,764.62 | $17,361.75 | ($2,597.13) |
| July 1-31, 2012 | $18,084.39 | $16,393.44 | $1,690.95 |
| August 1-31, 2012 | $21,726.80 | $17,426.02 | $4,300.87 |
| September 1-30, 2012 | $19,537.68 | $17,619.26 | $1,918.42 |
| October 1-31, 2012 | $20,352.72 | $17,771.02 | $2,581.70 |
| November 1-30, 2012 | $15,036.67 | $19,599.78 | ($4,563.11) |
| | | | |
| **TOTAL:** | **$121,351.11** | **$120,486.73** | **$864.47** |
| | | | |
| **TOTAL / 7.0 MONTHS:** | **$17,335.87** | **$17,212.39** | **$123.48** |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re    Ivair & Sharon Maksutoski     ,          Case No. _____
                Debtor                                        (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  23  sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  12-22-12                              Signature: _____
                                                                    Debtor

Date  12-22-12                              Signature: _____
                                                              (Joint Debtor, if any)

[If joint case, both spouses must sign.]

--------------------------------------------------------------------------------
**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information  required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                   Social Security No.
of Bankruptcy Petition Preparer                          *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X_____          _____
  Signature of Bankruptcy Petition Preparer                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

--------------------------------------------------------------------------------
### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                                        Signature: _____

                                                   _____
                                                   [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

--------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re Ivair & Sharon Maksutoski ,                     Case No. _____
_____Debtor_____                                              Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br><br>American Honda Financial Corporation | **Describe Property Securing Debt:**<br><br>2007 Honda Odyssey |

Property will be *(check one)*:
- ❑ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:
- ❑ Redeem the property
- ☑ Reaffirm the debt
- ❑ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
- ☑ Claimed as exempt                     ❑ Not claimed as exempt

| Property No. 2 *(if necessary)* | |
|---|---|
| **Creditor's Name:**<br><br>California Bank & Trust / Illinois Small Business Growth Corp. | **Describe Property Securing Debt:**<br><br>commercial real estate at 23819 W Eames St. Channahon, IL 60410 |

Property will be *(check one)*:
- ❑ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:
- ❑ Redeem the property
- ❑ Reaffirm the debt
- ❑ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
- ❑ Claimed as exempt                     ☑ Not claimed as exempt

B 8 (Official Form 8) (12/08)

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>Remington Woods Trailer Park | **Describe Leased Property:**<br>Trailer Park Lot - 22509 S. Remington, Channahon, IL | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☑ YES      ☐ NO |

| Property No. 2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:**<br>Financial Pacific Leasing, LLC | **Describe Leased Property:**<br>Restaurant Equipment | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES      ☑ NO |

| Property No. 3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:**<br>Pawnee Leasing Corporation | **Describe Leased Property:**<br>Restaurant Equipment | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES      ☑ NO |

_____1_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date:  _12-22-12_

_____
Signature of Debtor

_____
Signature of Joint Debtor

B 8 (Official Form 8) (12/08)

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
*(Continuation Sheet)*

**PART A -** Continuation

| Property No. | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
   ❏ Surrendered        ❏ Retained

If retaining the property, I intend to *(check at least one)*:
   ❏ Redeem the property
   ❏ Reaffirm the debt
   ❏ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
   ❏ Claimed as exempt        ❏ Not claimed as exempt

**PART B -** Continuation

| Property No.   4 | | |
|---|---|---|
| **Lessor's Name:**<br><br>   25210 W. Reed Street LLC | **Describe Leased Property:**<br>Commercial lease for 25220 Reed St. Suites A & B, Channahon, IL 60410 | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES       ☑ NO |

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES       ❏ NO |

B 7 (Official Form 7) (12/12)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re: Ivair & Sharon Maksutoski _____ ,          Case No. _____
                  Debtor                                                           (if known)

## STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

      *"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

      *"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor.  11 U.S.C. § 101(2), (31).

---

**1.   Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $42,000.00 | 2012 Income from employment PLUS $52,000.00 and $51,000.00 income from employment in 2010 and 2011, respectively. |

B 7 (12/12)                                                                                                                    2

**2.    Income other than from employment or operation of business**

None ☐    State the amount of income received by the debtor other than ~~from employ~~ment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                              SOURCE
$17,028.08         SEE ATTACHMENT SHEET A

---

**3.    Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☐    a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| SEE ATTACHMENT SHEET B | | 16,350.00 | 527,000.00 |

None ☑    b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 7 (12/12)                                                                                                                                          3



c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments



a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |



b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

### 5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

B 7 (12/12)                                                                                                        4

### 6.  Assignments and receiverships



a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|



b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

### 7.  Gifts



List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8.  Losses

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

B 7 (12/12)                                                                                                          5

**9.    Payments related to debt counseling or bankruptcy**

None
[✓]     List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for
        consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy
        within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Anthony J. Peraica & Assoc., Ltd., 5130 S. Archer, Chicago, IL 60632 | 11-28-2012 | $2,500.00 |

---

**10.  Other transfers**

None
[ ]     a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of
        the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of
        this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses
        whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Kevin Brissa,104 Blackhawk,Minooka,IL | 09/06/2012 | 104 Blackhawk, Minooka, IL  60447 $1592.08 AFTER SALE. |

None
[✓]     b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case
        to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.  Closed financial accounts**

None
[ ]     List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were
        closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include
        checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts
        held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial
        institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or
        instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are
        separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| The Private Bank,120 S. LaSalle Chicago, IL  60603 | checking account, $0.00 balance | 10/2012 $0.00 |

---

B 7 (12/12)                                                                                                    6

### 12.  Safe deposit boxes

None


List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13.  Setoffs

None


List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14.  Property held for another person

None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

### 15.  Prior address of debtor

None

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |
| 104 Blackhawk Drive Minooka, IL  60447 | Ivair & Sharon Maksutoski | 2000 to September 2012 |

B 7 (12/12)                                                                                                7

### 16. Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None


a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME<br>AND ADDRESS | NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None


b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME<br>AND ADDRESS | NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None


c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR<br>DISPOSITION |
|---|---|---|

---

### 18 . Nature, location and name of business

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or

B 7 (12/12)                                                                                                          8

other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **SEE ATTACHMENT SHEET C** | | | | |

None
 ✓    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                          ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director,  managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19.  Books, records and financial statements

None
☐    a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                      DATES SERVICES RENDERED

Smith, Koelling, Dykstra & Ohm PC, 1605 N. Convent, Bourbonnais, IL        2010 & 2011
60914

None
☐    b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| Smith, Koelling, Dykstra & Ohm PC | 1605 N. Convent, Bourbonnais, IL 60914 | 2010 & 2011 tax returns & monthly financials |

B 7 (12/12)                                                                              9

None ☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the
books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                        ADDRESS

Smith, Koelling, Dykstra & Ohm PC                          1605 N. Convent, Bourbonnais,
                                                            IL 60914

None ☑   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                            DATE ISSUED

---

### 20. Inventories

None ☑   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the
taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY          INVENTORY SUPERVISOR          DOLLAR AMOUNT
                                                         OF INVENTORY
                                                         (Specify cost, market or other basis)

None ☑   b. List the name and address of the person having possession of the records of each of the inventories reported
in a., above.

DATE OF INVENTORY                                          NAME AND ADDRESSES
                                                           OF CUSTODIAN
                                                           OF INVENTORY RECORDS

---

### 21 . Current Partners, Officers, Directors and Shareholders

None ☑   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
partnership.

NAME AND ADDRESS           NATURE OF INTEREST          PERCENTAGE OF INTEREST

None ☑   b.   If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the
corporation.
                                                            NATURE AND PERCENTAGE
NAME AND ADDRESS                         TITLE              OF STOCK OWNERSHIP

---

B 7 (12/12)                                                                                    10

**22 . Former partners, officers, directors and shareholders**

None 

a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                        ADDRESS                    DATE OF WITHDRAWAL

None 

b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS            TITLE                      DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None 

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS              DATE AND PURPOSE           AMOUNT OF MONEY
OF RECIPIENT,               OF WITHDRAWAL              OR DESCRIPTION
RELATIONSHIP TO DEBTOR                                 AND VALUE OF PROPERTY

---

**24. Tax Consolidation Group.**

None 

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION           TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None 

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                  TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

*[If completed by an individual or individual and spouse]*

B 7 (12/12)                                                                                              11

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

| Date | _12-22-12_ | Signature of Debtor | _(signature)_ |
| Date | _12-22-12_ | Signature of Joint Debtor (if any) | _(signature)_ |

_____

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

| Date | _____ | Signature | _____ |
| | | Print Name and Title | _____ |

        [An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

        _3_  continuation sheets attached

    *Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

_____

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

   I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____          _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.***

# ATTACHMENT SHEET A
## TO STATEMENT OF FINANCIAL AFFAIRS, NO. 2
### CHAPTER 7 BANKRUPTCY OF IVAIR & SHARON MAKSUTOSKI

**No. 2:  Income other than from employment or operation of business**

| | AMOUNT | SOURCE |
|---|---|---|
| 1. | $7,304.00 | 2010 Capital Gains from Business (see 2010 personal tax return) |
| 2. | $8,132.00 | 2010 Net Gains from Business (see 2010 personal tax return) |
| 3. | $1,592.08 | Net cash to debtors from sale of real property Located at 104 Blackhawk Drive, Minooka, Illinois  60447 |

**TOTAL:**     **$17,028.08**

# ATTACHMENT SHEET B
## TO STATEMENT OF FINANCIAL AFFAIRS, NO. 3a
### CHAPTER 7 BANKRUPTCY OF IVAIR & SHARON MAKSUTOSKI

**No. 3a: Payments to creditors**

| NAME/ADDRESS OF CREDITOR | PAYMENT DATES | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Bank of America, NA<br>PO Box 2759<br>Jacksonville, FL  32203-2759 | Oct., Nov. &<br>Dec. 2012 | $750.00 | $11,000.00 |
| Small Business Growth Corp.<br>2401 W. White Oaks Dr.<br>Springfield, IL  62704 | Oct., Nov. &<br>Dec. 2012 | $7,800.00 | $258,000.00 |
| California Bank & Trust<br>PO Box 549<br>Lawndale, CA  90260-0549 | Oct., Nov. &<br>Dec. 2012 | $7,800.00 | $258,000.00 |
| **TOTALS:** | | **$16,350.00** | **$527,000.00** |

## CHAPTER 7 BANKRUPTCY OF IVAIR & SHARON MAKSUTOSKI
## STATEMENT OF FINANCIAL AFFAIRS - ATTACHMENT SHEET C

### #18 – Nature, Location & Name of Business

| | NAME & ADDRESS | LAST 4 DIGITS OF SS NO. or OTHER TAXPAYER ID NO. | NATURE OF BUSINESS | BEGINNING & ENDING DATES |
|---|---|---|---|---|
| 1. | Ivo's Express Bar And Grill 23819 W. Ames PO Box 748 Channahon, IL  60410 | 36-XXXXXXX | Restaurant/ Food Service | 11-6-1998 to present |
| 2. | Ivo's Grill & Creamery, Inc. 25220 Reed St. Channahon, IL  60410 | 45-XXXXXXX | Restaurant/ Food Service | 6-15-11 to present (business is closed) |

B 203
(12/94)

# United States Bankruptcy Court

_____ Northern _____ District Of _ILLINOIS_

**In re**  Ivair & Sharon Maksutoski

Case No. _____

**Debtor**  Ivair & Sharon Maksutoski

Chapter _____7_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 2,500.00

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 2,500.00

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

2. The source of the compensation paid to me was:

   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☑ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

Representation of debtors for adversary proceedings, continued Section 341 creditor's meetings, Rule 2004 proceedings or litigation of the case

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

12-22-12
_____
Date

_____
Signature of Attorney

Anthony J. Peraica & Associates, Inc.
_____
Name of law firm

*Law Offices of*
# ANTHONY J. PERAICA & ASSOCIATES, LTD.
**5130 S. Archer Avenue, Chicago, Illinois 60632**
**(773) 735-1700 (Phone)       (773) 585-3035 (Fax)**
**www.peraica.com**

## CHAPTER 7 BANKRUPTCY RETAINER AGREEMENT

The undersigned ("Client") hereby retain(s) the Law Offices of Anthony J. Peraica & Associates, Ltd. ("Attorney") as attorneys for representation in a Chapter 7 bankruptcy under the following terms and conditions.  The Law Offices of Anthony J. Peraica & Associates, Ltd. has informed the undersigned of the procedures involved in the matter described below:

1.       Attorney fees for the Chapter 7 bankruptcy are $~~3,000~~ *2,500 00 change authorized by AJP*.  This amount does not include court filing fees, or costs for credit counseling or financial management classes. This fee includes all work in the representation in my Chapter 7, but does not include missed 341 meetings, amendments to schedules, motions to dismiss filed by the U.S. Trustee, or any other evidentiary hearings, contested matters or adversary proceedings. It is clearly understood by the undersigned that, should additional work be necessary, requested and/or performed other than that set forth herein, or usually or customarily required for such matters, additional fees or costs may be billed to the Client(s).

2.       Payments above are for General Advance Retainer and are deposited into the firm's operating account. Client(s) will be billed for work on an hourly basis.  Attorney will charge at the rate of $375.00 per hour for Anthony J. Peraica and $250.00 per hour for all other associate attorneys for all work, including depositions, court time and non-court time. To save Client(s) money, Attorney employs paralegals and secretaries to provide basic legal services. Client agrees to pay paralegal services at the rate of $110.00 per hour, and secretarial services at the rate of $60.00 per hour.   Client(s) further agree(s) to pay an additional fee of $250.00 for each Reaffirmation Agreement accepted by the debtor and entered in the bankruptcy proceeding, if a hearing is required.  Any continued hearing will result in a $250.00 fee to be paid prior to the continued date.

3.       If Client(s) has secured debts that he/she/they wish to retain (mortgages, financed vehicles or other financed property), Client(s) may be required to sign a Reaffirmation Agreement with the creditor in order to keep the property.  Client(s) must remain current on his/her/their payments.

4.       Client(s) has/have been advised that upon execution of this retainer agreement, client(s) should cease from using or obtaining any credit or credit cards.

5.       Client(s) understand(s) that he/she/they will be billed for all amounts due for fees and costs advanced on his/her/their file.  These amounts are **due in full at the time of execution of the documents.**  Balances not paid by the tenth (10th) business day after the date(s) on invoices/bills may be subject to an interest at the rate of 1.5% per month.

6.       Client(s) understand(s) that if he/she/they fail(s) to take his/her/their financial management class after filing but before discharge, his/her/their case may be closed without discharge, and he/she/they will be required to pay fees and costs to have the case reopened.

7.       Any balance owed by Client(s) for Attorney's fees and costs will be paid before the proceedings are concluded.  Attorney cannot guarantee results and cannot predict a maximum charge. The final bill will be based solely on the time spent and the costs advanced.

8.      The Law Offices of Anthony J. Peraica & Associates, Ltd. has no obligation to perform any services other than specifically stated above and Client(s) agree(s) to prepay all costs, including but not limited to those listed above.

9.      Client(s) acknowledge(s) that no guarantees or promises have been made and the Law Offices of Anthony J. Peraica & Associates, Ltd.'s sole obligation is to provide the aforementioned legal services in a professional and efficient manner.  Down payments/initial retainers are absolutely not refundable.

Dated this *1ST* day of *November*, 20*12*.


CLIENT(S)                                                    ANTHONY J. PERAICA & ASSOCIATES, LTD.

x *Ugonj Moksotcen*
x *IVAIR MAKSUTOSKI*
x *Sharon Maksutoski*
*SHARON MAKSUTOSKI*
_____            _____

ADDRESS: *22509 S. REMINGTON DR.*
*CHANNAHON, IL  60410*

CONTACT INFO:

HOME PHONE NO. *815-641-4790 (cell)*

CELL PHONE: *815-704-5831 (HOME)*

EMAIL: *S. MAKSUTOSKA @ SBCGLOBAL. NET*